1

**HAMPTON LAW GROUP**
Benjamin D. Hampton, SBN: 295862
2   ben@hampton-lawgroup.com
3600 Lime St, Suite 312
3   Riverside, California 92501
Telephone: (877) 258-4180
4   Facsimile: (951) 329-3223

5   Attorney for Plaintiff
RICKY GARCIA
6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   RICKY GARCIA,<br><br>12        Plaintiff,<br><br>13   vs.<br><br>14<br><br>15   COUNTY OF SAN BERNARDINO; SAN<br>BERNARDINO COUNTY SHERIFF'S<br>16   DEPARMENT JOHN MCMAHON,<br>individually and as Sheriff for the San<br>17   Bernardino County Sheriff's Department;<br>DEPUTY E. SERATT, ID#C8638; and<br>18   DOES 1 through 25,<br><br>19        Defendants. | Case No.: 5:19-CV-00421<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights<br>   (42 U.S.C. § 1983);<br><br>2. Failure to Train<br>   (42 U.S.C. § 1983)<br><br>3. Conspiracy to Interfere with Civil Rights<br>   (42 U.S.C. § 1985 (2))<br><br>4. False Arrest/False Imprisonment<br>   (California State Law)<br><br>5. Negligence<br>   (California State Law)<br><br>**DEMAND FOR JURY TRIAL** |

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL - 1

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action for damages under the laws of the State of California, under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendment of the United States Constitution.

2.      Venue is proper in the Court because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as Plaintiff's federal questions claims, this Court has jurisdiction over Plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiff timely filed his Claim for Damages against the County of San Bernardino on September 7, 2018, pursuant to the California Tort Claims Act, Cal. Gov't Code § 900 et seq., and said claim has been denied by defendant County of San Bernardino on or about October 2, 2018, less than six months prior to the filing of this instant action.

## PARTIES

5.      Plaintiff, RICKY GARCIA JR. ("GARCIA" or "Plaintiff"), at all times herein mentioned, was a resident of the County of Los Angeles, State of California.

6.      Defendant, County of San Bernardino ("COUNTY") is an incorporated municipality organized and existing under the laws of the State of California and wholly located within the State of California. At all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Bernardino County Sheriff's Department, and particularly said Department's Patrol, Internal Investigations, Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs, and usages related

to their dealings with the powers of arrest by its rank and file, internal investigations, personnel supervision, and meaningful records review and maintenance.

7.      The San Bernardino County Sheriff's Department ("DEPARTMENT") is an operating department of the COUNTY.

8.      Defendant John McMahon ("MCMAHON") is the Sheriff for the DEPARTMENT. He maintained this position at all times relevant to these claims. In doing the things alleged herein, MCMAHON acted under color of state law, and within the course and scope of his employment, and as an official policy maker for the COUNTY. As Sheriff, MCMAHON is vested with policy-making authority over actions such as the one at issue in this claim.

9.      Defendant E. SERATT, ID 2782, ("SERATT") is a deputy with the DEPARTMENT. He maintained this position at all times relevant to these claims. In doing the things alleged herein, SERATT acted under color of state law, and within the course and scope of his employment.

10.     Defendant DOES 1 through 25 are not known or identified at this time. On information and belief, Plaintiff alleges that each Doe is in some manner responsible for the wrongs alleges herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this complaint to show their true identities in place of their fictitious names as DOES 1 through 25. Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service, and employment at all relevant times.

11.     At all times mentioned herein, Defendants MCMAHON, SERATT, and DOES 1-25, inclusive, and each of them, were employees of the COUNTY and the DEPARTMENT.

12.     At all times relevant, each individual Defendant was acting within the course and scope of their employment as law enforcement officers of the COUNTY, and under the color of state law, and as the employee, agent and representative of each and every other Defendant.

13.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein

alleged. The true names and capacities of DOES 1 through 25, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

14.     Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well-established and settled law.

## PRELIMINARY ALLEGATIONS

15.     On November 6, 2013, SERATT was on duty and was dispatched to a residence in Yucaipa, County of San Bernardino, California, to investigate the reports of a violent assault that had taken place on the morning of October 24, 2013.

16.     The victim of the assault identified his neighbors, Ricky Garcia and Ricky Garcia Sr. ("Assailants") as his assailants. The Assailants lived next to the victim, and were readily identifiable to SERATT.

17.     SERATT spoke with another eyewitness, Katherine Dittes, who also identified the Assailants as her and the victim's next door neighbors.

18.     On January 30, 2014, SERATT again drove to the location of the assault, in the City of Yucaipa, and spoke with Ricky Garcia Jr., the younger of the two Assailants. Mr. Garcia Jr. admitted to being the individual who attached the victim, along with his rather, Ricky Garcia Sr.

19.     Also on January 30, 2014, SERATT spoke with Ricky Garcia Sr. via telephone who further corroborated the events of October 24, 2013, and conceded the Assailants' involvement in the victim's attack.

20.     Additionally, on January 30, 2014, SERATT spoke with Rene Nicholas Sr., another eyewitness, who yet again confirmed the identities of the Assailants, as well as the events of October 24, 2013.

21.     The Assailant's true and correct biographical information are as follows:

     a.   Ricky Garcia Jr., age 25, 5'10", 220 lbs, DOB 8/11/1988

     b.   Ricky Garcia Sr., age 51, 5'11, 220 lbs, DOB 8/25/2962

22.     Plaintiff shares the same name as one of the Assailants, Ricky Garcia Jr.

23.     On October 24, 2013, Plaintiff was age 40, and was 5'08", 300 lbs, DOB 2/24/1973.

24.     Plaintiff has never resided in the City of Yucaipa.

25.     Plaintiff has never met and is not familiar with any of the parties to the events of October 24, 2013 described herein.

26.     Plaintiff is not the son of Assailant Ricky Garcia Sr.

27.     Assailant Ricky Garcia Sr. was an eleven year old child when Plaintiff was born.

28.     Despite the wealth of information available to SERATT, despite the fact that Plaintiff had no connection whatsoever to the events of October 24, 2013, and despite the near-perfectly consistent narratives told by every party to the events of October 24, 2013, SERATT recorded Plaintiff's information in place of Assailant Ricky Garcia Jr.'s information.

29.     SERATT conceded this negligence in his supplemental report, admitting, "I initially listed the wrong suspect in the original report. The correct suspect information was added to this supplemental report, reference Ricky Garcia Jr. and Ricky Garcia Sr."

30.     The suspect's biographical information was never corrected. Despite the fact that there were only two suspects, the San Bernardino District Attorney's office charged three men—the two Assailants and Plaintiff—with felony counts of Penal Code §245(A)(4).

31.     Despite the fact that the COUNTY and its agents had, at all times, the knowledge that Plaintiff had nothing to do with the events of October 24, 2013, a warrant was issued for Plaintiff's arrest in that matter.

32.     Plaintiff was unaware of the warrant for his arrest until March 8, 2018. On that date, Plaintiff was arrested by an unknown San Bernardino County Sheriff's deputy for the erroneous warrant in question.

33.     Plaintiff was arrested, transported to the West Valley Dentition Center, processed, and jailed for a crime he did not commit, and for which the Defendants had knowledge he did not commit.

34.     Plaintiff was required to obtain a bond in the amount of $50,000 to secure his release from custody.

35.    Plaintiff was required to retain counsel to defend against the charges in California Superior Court case number FSB1405530.

36.    Plaintiff missed numerous days of work to attend various court hearings in FSB1405530, as well as meeting with his counsel.

37.    Plaintiff's counsel was able to secure the dismissal of the charges in FSB1405530, but the District Attorney's office would not voluntarily agree to an order determining factual innocence. As such, Plaintiff was required to retain counsel to further petition the California Superior Court for a determination of factual innocence, which the Court ordered on July 19, 2018.

38.    Plaintiff has suffered tremendously as a result of Defendants' actions. Plaintiff has endured the scorn, humiliation, and stress associated with being accused of committing a violent felony for which he had no part.

39.    Plaintiff's reputation with his employer has been strained, as his employer discovered the charges pending against Plaintiff. Further, Plaintiff has had to take a number of days of unpaid leave from work in order to attend court hearings and meetings with his counsel to defend himself against the false charges in FSB1405530, which has not only economically harmed Plaintiff, but has damaged his professional reputation at work.

<u>FIRST CAUSE OF ACTION</u>

(VIOLATION OF CIVIL RIGHTS – FALSE ARREST AND MALICIOUS PROSECUTION)

42 U.S.C. 1983 - Against all Defendants

40.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 39 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

41.    This action at law for money damages arises under 42 U.S.C. 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

42.     Commencing at or about the aforementioned date and place, and without cause or justification, and acting under color of law, Defendants SERATT and DOES 1 – 25 and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants, and each of them, subjected Plaintiff to unlawful arrest and groundless criminal prosecution for a crime Defendants knew, by their own admissions, Plaintiff had not committed.

43.     The Defendants' seizure of Plaintiff was an unlawful and unreasonable seizure of him under the Fourth Amendment to the United States Constitution.

44.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

45.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

46.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was compelled to post a bond in order to secure his release from custody.

47.     Finally, as a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great anxiety, fear, and emotional distress.

48.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

//

//

## SECOND CAUSE OF ACTION

## (CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON FAILURE TO TRAIN)

### 42 U.S.C. §1983 - Against Defendants COUNTY, DEPARTMENT, MCMAHON, and Does 20-25

49.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

50.    As shown above, when Defendants deprived Plaintiff of his particular rights under the United States Constitution, they were acting under color of state law.

51.    The deprivation of rights described herein against Plaintiff constitute a usual and recurring situation with which said deputy sheriffs must deal, and the training policies of Defendants COUNTY, DEPARTMENT, MCMAHON, and DOES 20 through 25, inclusive, were not adequate to train their deputy sheriffs and other sworn peace office / public officer personnel to handle these usual and recurring situations, to wit: Defendants COUNTY, DEPARTMENT, MCMAHON, and DOES 20 through 25, inclusive, failed to properly train its deputy sheriffs and other sworn peace officer / public officer personnel to 1) take caution in the retrieval of, handling of, and recording of personal identifying information, 2) write reports that clearly identify actual known suspects of reported crime, and accurately recite the personal identifying information of all parties, particularly suspects, 3) identify mistakes in the reporting of said personal identifying information, and 4) establish policies and procedures by which inaccurately-reported personal identifying information is redacted so as not to harm innocent parties.

52.    Defendants COUNTY, DEPARTMENT, MCMAHON, and DOES 20 through 25, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other sworn peace officer / public officer personnel adequately.

53.    The failure of Defendants COUNTY, DEPARTMENT, MCMAHON, and DOES 20 through 25, inclusive, to provide such adequate training caused the deprivation of Plaintiff's rights

by Defendants: that is, the Defendants' failure to train was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

54.     Said Defendants' failure to train their deputy sheriffs as described herein demonstrates a deliberate indifference to the constitutional rights of its citizens.

55.     As a direct and proximate result of said Defendants, as complained of herein, Plaintiff suffered severe mental and emotional distress, and substantial special damages, including but not limited to lost wages / profits, attorney's fees, and bond fees in an amount to be shown at trial.

## THIRD CAUSE OF ACTION

### (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)

#### 42 U.S.C. § 1985 (2) - Against all Defendants

56.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 55 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

57.     Commencing on March 8, 2018 and thereafter, Defendants and two or more of them, in the State of California, County of San Bernardino, by reason of Defendants' animus against minorities, including Hispanic Americans of which class Plaintiff belongs, invidiously discriminated and conspired together to act and to fail to act as hereinbefore alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of California, County of San Bernardino.

58.     Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws by (1) denying the right to be free from unreasonable search and seizure; and (2) denying the right not to be deprived of property and liberty without due process of law.

59.     By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

60.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in these causes of action, including but not limited to, general and punitive damages and attorney's fees.

## FOURTH CAUSE OF ACTION

## (FALSE ARREST / FALSE IMPRISONMENT)

### Under California State Law- Against all Defendants

61.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 60 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

62.     As complained of, above, Plaintiff was unlawfully seized and arrested by Defendants DOES 1 through 25, inclusive, on March 8, 2018.

63.     As complained of, above, said Defendants had neither reasonable suspicion of criminality afoot about Plaintiff, nor probable cause to believe that Plaintiff had committed a crime.

64.     At the time of the unlawful arrest, Defendants, and each of them, had in their possession specific knowledge that Plaintiff had not committed the crime for which he was accused.

65.     Defendants are liable to Plaintiff for his false arrest / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4, and 820.8.

66.     As a direct and proximate result of the actions of Defendants, as complained of herein, Plaintiff suffered great economic and emotional injury, pain and suffering, and substantial special damages, including by not limited to lost wages / profits, attorney's fees, and bond fees in an amount to be shown at trial.

67.     The actions by Defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

//

//

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE)

### Under California State Law- Against all Defendants

68.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 67 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

69.     San Bernardino County Sheriff's Department deputy sheriffs (defendants SERATT and DOES 1 through 25, inclusive) owed Plaintiff a duty to use due care regarding the handing of his personal identifying information, as well as the inclusion of Plaintiff's information in an arrest warrant and in police reports provided to the San Bernardino County District Attorney's office.

70.     As shown above, said San Bernardino County Sheriff's Department deputy sheriffs breached their duty of care to Plaintiff when they wrongly included his information in their initial police reports, realized their mistake, but failed to take corrective action to ensure that Plaintiff was not wrongfully charged, arrested, and detained for a crime which Defendants knew Plaintiff did not commit.

71.     As a direct and proximate cause of Defendants' breach, Plaintiff suffered great emotional and mental injury, pain and suffering, and special damages, including but not limited to lost wages / profits, attorney's fees, and bond fees.

72.     The actions by said Defendants were committed maliciously and oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all Defendants and each of them, in an amount to be proven at trial.

### PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE:

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.      For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.      For attorney's fees pursuant to 42 U.S.C. § 1988;

5.      For Costs of suit;

6.      For a trial by jury; and

7.      For such other and further relief as the Court may deem proper.

DATED March 7, 2019

By: Benjamin D. Hampton,
Attorney for Plaintiff
Ricky Garcia Jr.